UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIGUEL RAMOS TORRES, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 18-10566-MGM |
| JOHNSON & JOHNSON et al., | * |
| | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION TO REMAND
(Dkt. No. 7)

May 17, 2018

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

Miguel Ramos Torres ("Plaintiff") brought this action in state court against Johnson & Johnson, Ethicon, Inc., and Mercy Hospital, Inc. d/b/a Mercy Medical Center ("Mercy"), asserting product liability claims arising out of an allegedly defective prolene mesh hernia system implanted in Plaintiff during a medical procedure.[1] On March 23, 2018, Johnson & Johnson and Ethicon, Inc. ("Removing Defendants") removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The basis for removal was that Mercy, the only non-diverse Defendant, settled with Plaintiff, culminating in an Order for Entry of Dismissal Nisi issued by the state court on February

---

[1] Plaintiff also names as defendants "Does 1-25." In his complaint, Plaintiff explains that he "does not know the true names or identities" of these fictitiously named defendants but alleges they "may be responsible in some manner for the occurrences herein alleged, whether as a manufacturer or distributor of hernia system mesh, or in some other capacity, and caused the injuries and damages sustained by Plaintiff herein alleged." (Dkt. No. 20, Compl. ¶ 5.) The court does not consider these defendants in deciding the present motion, which challenges a removal on the basis of diversity of citizenship. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

26, 2018. According to the notice of removal, that Order, although it did not formally enter judgment as to Mercy or dismiss it, rendered Mercy a "nominal" defendant and thereby created complete diversity of citizenship between Plaintiff and Removing Defendants. (Dkt. No. 1.)

On March 26, 2018, Plaintiff filed a motion to remand, challenging the propriety of the removal. (Dkt. No. 7.) Plaintiff presses two alternative arguments: the removal was too late (because the Removing Defendants knew about the settlement in October or November of 2017) or the removal was too early (because Mercy technically is still a defendant). Plaintiff also argues the removal was done in bad faith in an attempt to evade state court discovery orders and seeks sanctions. For the following reasons, the court concludes that the removal was proper and, therefore, will deny Plaintiff's motion.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action on May 16, 2017 in Hampden County Superior Court. (Dkt. No. 20, Compl.) He asserts claims of negligence, strict liability (design defect, manufacturing defect, and failure to warn), breach of express and implied warranty, and violation of Mass. Gen. Laws ch. 93A relating to the implantation of a prolene mesh hernia system in August of 2010. (*Id.*) Plaintiff alleges Removing Defendants designed, manufactured, packaged, labeled, marketed, sold, and distributed the mesh hernia system, whereas Mercy was the hospital where the surgery was performed. (*Id.* ¶¶ 7-8.)

Plaintiff and Removing Defendants engaged in discovery disputes while the action proceeded in state court. As relevant here, on February 26, 2018, the state court ordered Removing Defendants to provide certain documents in viewable, unencrypted formats. (Dkt. No. 21 at 151.) Also on February 26, 2018, the parties reported to the court that Plaintiff and Mercy had reached a settlement agreement. (*Id.* at 150-51; Dkt. No. 26 at 19-20.) The court therefore issued, that same

2

day, an Order for Entry of Dismissal Nisi, which stated that in light of the reported settlement an Agreement for Judgment or Stipulation of Dismissal shall be filed by June 26, 2018 or, if neither document was filed by that date, a judgment dismissing Mercy without prejudice would be entered by the Clerk. (Dkt. No. 21 at 150.)[2]

Thereafter, Plaintiff and Removing Defendants continued litigating certain discovery disputes. On March 14, 2018, the state court scheduled a hearing on Plaintiff's motion to compel. (Dkt. No. 22 at 151.) Ethicon, Inc. then filed an emergency motion to reschedule the hearing. (*Id.* at 152.) In his opposition to the emergency motion, Plaintiff asserted that Removing Defendants, on March 12, 2018, violated the court's February 26, 2018 order requiring the production of unencrypted documents. (*Id.* at 158.) The court then granted the emergency motion to reschedule and set the hearing for April 10, 2018. (*Id.* at 168.)

On March 23, 2018, however, Removing Defendants removed the action to this court based on diversity of citizenship in light of the February 26, 2018 Order for Entry of Dismissal Nisi. (Dkt. No. 1.) Three days later, on March 26, 2018, Plaintiff filed the pending motion to remand. As mentioned, Plaintiff argues the removal was either too late or too early. In support of the first argument, Plaintiff relies on two emails he claims provided Removing Defendants with sufficient information to remove well before March 23, 2018. The first email, sent on October 31, 2017 by Plaintiff's counsel, states in relevant part that Mercy "has offered the statutory charitable cap in this case to be released. Although I have to present it to my client, my recommendation will be that he take the cap . . . ." (Dkt. No. 26 at 1.) The second email, sent on November 28, 2018 by Plaintiff's counsel, states in relevant part that "Mercy is settled and we are finalizing settlement documents."

---

[2] Notably, the June 26, 2018 deadline for entrance of a formal judgment or dismissal as to Mercy is over one year after Plaintiff commenced the action. *See* 28 U.S.C. § 1446(c)(1) (stating that a case generally may not be removed on diversity grounds "more than 1 year after commencement of the action"). There is no indication, however, that this deadline was sought to prevent removal. Rather, the transcript of the hearing demonstrates that the court suggested a 120-day period due to delays related to obtaining a required Medicaid lien. (Dkt. No. 26 at 20-21.)

3

(Dkt. No. 1-3.) As for the second argument, Plaintiff asserts Removing Defendants prematurely removed because Mercy is still a named defendant. Thus, Plaintiff argues, there was neither complete diversity of citizenship nor unanimous consent to remove among all defendants. Plaintiff also points to the timing of the removal, asserting the removal occurred just after the state court rescheduled a motion hearing following Plaintiff's report that Removing Defendants continued producing documents in encrypted formats, in violation of the court's previous order. Plaintiff therefore submits that the court should look to Removing Defendant's motivation for removal, find they did so in bad faith, and sanction them as well. In response, Removing Defendants argue the removal was proper and timely, their motivation for removal is irrelevant, and, in any event, they did not remove in bad faith.

### III. ANALYSIS

Defendants have the statutory right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "This statutory grant requires *complete* diversity between the plaintiffs and defendants in an action," *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008), meaning that all parties on one side of the litigation must be "citizens of different states from all parties on the other side," *City of Indianapolis v. Chase Nat'l Bank of New York*, 314 U.S. 63, 69 (1941). In other words, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009).

4

An exception to the complete diversity requirement is that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Therefore, "a case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case." *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 911 (5th Cir. 2000) (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 693 (5th Cir. 1995)); *see also Heniford v. American Motor Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979) ("It is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the non-resident defendants who have been served." (quoting *Stamm v. American Telephone & Telegraph Co.*, 129 F. Supp. 719, 721 (W.D. Mo. 1955)). In this regard, "[t]he existence of a settlement agreement that is binding and enforceable under the applicable state law constitutes a voluntary dismissal, and precludes the court from considering the citizenship of that defendant for purposes of determining diversity." *Hanahan v. John Hancock Life Ins. Co.*, 518 F. Supp. 2d 780, 785 (D.S.C. 2007); *see Estate of Martineau*, 203 F.3d at 910 ("Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case.") *see also Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1985) (holding, without elaboration, that "a settlement between Chohlis and the pilot's estate was final enough to support removal").

As for the timing of removal, the notice of removal must be filed either within thirty days after the defendant's receipt of the initial pleading, or,

> [i]f the case stated by the initial pleading is not removable, . . . within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

5

28 U.S.C. § 1446(b). The First Circuit, consistent with the "bright-line" approaches of every other circuit to have addressed the issue, has held that a document provided by the plaintiff only triggers the thirty-day clock for removal when the "paper provides the defendant with sufficient information to easily determine that the matter is removable." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72 (1st Cir. 2014). Thus, "[t]he defendant has no duty . . . to investigate or to supply facts outside of those provided by the plaintiff." *Id.* at 75; *see also Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) (explaining that the grounds for removal must "be apparent within the four corners of the initial pleading or subsequent paper" to begin the thirty-day clock for removal).

Having set forth the basic principles of removal related to settlement with non-diverse defendants, the court next analyzes the three specific events the parties dispute as providing grounds for removal: the October 31, 2017 email, the November 28, 2017 email, and the February 26, 2018 Order for Entry of Dismissal Nisi.

A.    <u>October 31, 2017 Email</u>

At the hearing on Plaintiff's motion to remand, Plaintiff's counsel presented the October 31, 2017 email, arguing it demonstrates Removing Defendants knew about the settlement with Mercy and therefore should have removed within thirty days of its receipt. This email, however, plainly does not show the existence of a binding and enforceable settlement agreement which effectively eliminated Mercy from the case.

The October 31, 2017 email states in relevant part: "[Mercy] has offered the statutory charitable cap in this case to be released. Although I have to present it to my client, my recommendation will be that he take the cap . . . ." (Dkt. No. 26 at 1.) At most, the email demonstrates the existence of a settlement offer which had not yet been accepted by, let alone even presented to, Plaintiff as of that date. There can be no legitimate argument that this email, on its face, provided sufficient information to remove.

6

B.  November 28, 2017 Email

Plaintiff also argues the November 28, 2017 email triggered the thirty-day clock for removal, thus rendering the March 23, 2018 notice of removal untimely. Although a closer question, the court does not agree.

The November 28, 2017 email states in relevant part: "Mercy is settled and we are finalizing settlement documents." (Dkt. No. 1-3.) This email, the court concludes, is ambiguous as to whether, as of that date, Plaintiff and Mercy had entered into a binding and enforceable settlement agreement. On the one hand, the email states that "Mercy is settled," a seemingly definitive statement. On the other hand, the email then states that the parties are "finalizing settlement documents," which appears to indicate that the settlement "was inchoate in nature, rather than a final agreement." *Deikan v. Blackwelder*, 2011 WL 1167367, at *6 (Mass. App. Div. Mar. 23, 2011); *see also Vasquez*, 56 F.3d at 694 ("Whatever agreement existed between the Vasquezes and Alto Bonito was inchoate in the sense that the agreement was not legally binding and either party could have unilaterally revoked the agreement and proceeded to litigate its respective claims."). "Essential facts are missing from" the email and, therefore, Removing Defendants "would have needed to investigate" the precise status of the agreement between Plaintiff and Mercy to have determined whether the parties had indeed entered a binding settlement which effectively removed Mercy from the case at that point. *Romulus*, 770 F.3d at 76; *see also Lovern*, 121 F.3d at 162 ("Where, however, such details are obscured or omitted . . . that circumstance makes the case . . . not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal . . . ."). Accordingly, the four corners of the email did not provide Removing Defendants "with sufficient information to *easily* determine that the matter is removable." *Romulus*, 770 F.3d at 72 (emphasis added); *see also Schrempp v. Rocky Mountain Holding Co., L.L.C.*, 2007 WL 570406, at *14 (D. Neb. Feb. 14, 2007) ("Although it appears the plaintiffs may have been in the

7

process of settling their claims against Duncan and CIT, the June 30, 2006 letter does not rise to the level of a clear intent constituting a voluntary abandonment by the plaintiff of the action as to these defendants.").

C.     February 26, 2018 Order for Entry of Dismissal Nisi

The notice of removal relies on the February 26, 2018 Order for Entry of Dismissal Nisi issued by the state court. Removing Defendants argue this order made Mercy a nominal Defendant and created complete diversity of citizenship, rendering the March 23, 2018 removal proper and timely.[3] Plaintiff, as an alternative argument, asserts Removing Defendants had to wait until Mercy is formally dismissed from the case to remove. The court agrees with Removing Defendants.

As noted, the court looks "to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case." *Estate of Martineau*, 203 F.3d at 910. Massachusetts state court "decisions have consistently emphasized the qualities of seriousness and commitment characterizing a settlement agreement reported to a trial court." *Basis Technology Corp. v. Amazon.com, Inc.*, 878 N.E. 2d 952, 963 (Mass. App. Ct. 2008); *see also DealerStock, LLC v. Zouain*, 2015 WL 2062227, at *2 (Mass. Super. Ct. Apr. 24, 2015) ("Reporting a settlement agreement to the court is a serious matter and strongly suggests that the parties intend to be bound."). Thus, Massachusetts courts have held that a settlement reported to court, resulting in an order of "dismissal nisi," constitutes a binding and enforceable agreement, even when the settlement

---

[3] Although not raised by the parties, the court notes that a Joint Case Management Statement—in which the parties state that "Plaintiff and Defendant Mercy Medical Center have reached a mutually agreeable settlement"— filed with the state court on February 23, 2018, arguably triggered the thirty-day removal clock even before the parties reported the settlement in open court. (Dkt. No. 21 at 143.) In any event, because the March 23, 2018 removal was still timely even if measured from this earlier date, and because the hearing occurred and the Order for Entry of Dismissal Nisi was issued on February 26, 2018, within days of the Joint Case Management Statement, the court does not analyze this document separately. *See, e.g.*, *Lovern*, 121 F.3d at 163 ("Because General Motors' notice of removal was filed within 30 days of both dates, we need not determine whether the police report alone would have triggered the running of the 30-day clock in order to affirm the district court's determination that the notice of removal was timely filed.")

8

subsequently falls apart. *See, e.g.*, *Basis Technology Corp.*, 878 N.E. 2d at 963-65. Moreover, as the court in *Basis Technology Corp.* explained:

> Upon notice of a settlement, as here, the Massachusetts trial court typically enters an order of "dismissal nisi." "Nisi" in its root Latin sense means "unless." Literally the court is determining that the litigation has ended "unless" the parties inform it within the specified nisi period of a failure of implementation of the settlement. That failure must usually result from a problem or obstacle beyond the control of the parties. Uncontrollable causes may trigger the conditional "nisi" character of the dismissal order and entitle the parties to return to litigation. Most importantly, the "nisi" order does not mean that dismissal shall enter "unless" a party changes its mind about settlement.

*Id.* at 964 n.9.

Accordingly, following the reported settlement with Mercy and resulting Order for Entry of Dismissal Nisi, neither party could unilaterally revoke the settlement.[4] *See id.* at 964 ("Trial counsel reporting a settlement are not taking out an option to settle."); *see also Correia v. DeSimone*, 614 N.E. 2d 1014, 1015-16 (Mass. App. Ct. 1993) (upholding enforcement of a settlement reported to the court, even though "[s]hortly thereafter, the defendants reported to the judge that they had changed their minds and were now unwilling to settle on the offered terms"). Mercy, at that point, was therefore clearly no longer a "real part[y] to the controversy," and its citizenship had to be "disregard[ed]" for purposes of determining federal jurisdiction. *Navarro Sav. Ass'n*, 446 U.S. at 461.[5] Although Mercy technically is still a named defendant, at least until June 26, 2018, courts have held that "a party who has entered into a settlement agreement need not be formally dismissed from the case to be a nominal party." *Schrempp*, 2007 WL 570406, at *12; *cf. Woburn Five Cents Sav. Bank v. Robert M. Hicks, Inc.*, 930 F.2d 965, 969 (1st Cir. 1991) (explaining that "it is at the time of

---

[4] If, for whatever reason, Mercy and Plaintiff sought to withdraw their settlement and return to litigation, it would be this court's responsibility to construe the Order for Entry of Dismissal Nisi—which, by operation of 28 U.S.C. § 1450, has been transformed into an order of this court, *Lechoslaw v. Bank of Am., S.A.*, 575 F. Supp. 2d 286, 292 (D. Mass. 2008)—and determine whether the "cause[]" is sufficiently "[u]ncontrollable." *Basis Technology Corp.*, 878 N.E. 2d at 964 n.9

[5] For the same reason, Mercy's lack of consent to the removal is also irrelevant. *See, e.g.*, *Am. Lung Ass'n of New Hampshire v. Am. Lund Ass'n*, 2002 WL 1728255, at *2 n.3 (D.N.H. July 25, 2002).

receivership that the case is transformed into 'one in its nature removable' . . . and that delaying the effect of the change until formal substitution of parties has taken place would be to elevate form over substance." (quoting *Powers v. Chesapeake & Ohio Railway*, 169 U.S. 92, 98 (1898))). As the court in *Hanahan* explained: "It would be manifestly unfair to diverse defendants, as well as a substantial undermining of our diversity jurisdiction laws, to allow plaintiffs to maintain nondiverse defendants with whom they had already reached a settlement as a sort of perpetual talisman against federal jurisdiction." *Hanahan*, 518 F. Supp. 2d at 785.

To be sure, some courts do require a formal dismissal of the non-diverse defendant before an action may be removed to federal court. But those decisions (most notably by California courts) are based on differences in state law not applicable here. *See, e.g.*, *Turley v. Stilwell*, 2011 WL 1104543, at \*6 (N.D. Okla. Mar. 22, 2011) ("Courts in California have decided that, under state law, a settlement is not enforceable prior to a formal dismissal."). In Massachusetts (and many other states), however, a settlement agreement definitely reported to the court is normally binding and enforceable even before the settling defendant is formally dismissed from the case. Moreover, when the state court, in reliance on such a settlement report, enters an order of dismissal nisi, the settling defendant's interest in the case has been extinguished as a practical matter. Such an order, in the court's view, marks an appropriate, easily identifiable moment for removal on the basis of the nominal defendant rule.

Lastly, as to Plaintiff's argument that removal was done in bad faith in order to evade the state court's discovery orders, the court agrees with Removing Defendants that their motivation for removal is irrelevant. *See Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) ("A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute."); *Rothner v. City of Chicago*, 879 F.2d 1402, 1408 (7th Cir. 1989)

10

("The defendant's motive for removing is not a proper consideration for remand. Every defendant who removes considers the prospect of a favorable result in the federal forum."); *White v. Wellington*, 627 F.2d 582, 586 (2d Cir. 1980) ("[T]he right to remove is statutory, jurisdictional and absolute, regardless of motivation, when it is found to exist."); *see also Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 n.9 (1976) ("[C]ases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute."). In any event, Plaintiff's concerns about a possible evasion of the state court's discovery orders, while understandable, may not materialize. "By statute, 'injunctions, orders, and other proceedings had in such [state] court action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.'" *Lechoslaw v. Bank of Am., S.A.*, 575 F. Supp. 2d 286, 292 (D. Mass. 2008) (quoting 28 U.S.C. § 1450). "Interlocutory state court orders thus 'are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed.'" *Id.* (quoting *Louisiana v. Guidry*, 489 F.3d 692, 698 (7th Cir. 2007)). Therefore, while Removing Defendants may seek to have the state court orders dissolved or modified, unless and until that occurs, they remain bound by those orders.

IV. CONCLUSION

For these reasons, the court DENIES Plaintiff's motion to remand (Dkt. No. 7.) The clerk shall refer this matter to Magistrate Judge Katherine A. Robertson for pretrial case management.

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge