UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIGUEL RAMOS TORRES,<br>　　　Plaintiff | )<br>)<br>) |
| v. | )　　Civil No. 3:18-10566-MGM<br>) |
| JOHNSON & JOHNSON and<br>ETHICON, INC.,<br>　　　Defendants | )<br>)<br>)<br>) |

<u>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO COMPEL
DISCLOSURE OF DEFENDANTS' COMPLETE FINANCIAL COMPENSATION PAID TO
DEFENSE EXPERTS AND FOR COMPLETE COPIES OF DEFENDANTS' EXPERTS'
RELIANCE DATA</u>
(Dkt. No. 251)

ROBERTSON, U.S.M.J.

Before the court is Plaintiff's Motion for Reconsideration and to Compel Disclosure of Defendants' Complete Financial Compensation Paid to Defense Experts and for Complete Copies of Defendants' Experts' Reliance Data ("Plaintiff's Motion"). A motion for reconsideration is generally not granted unless the court has "misapprehended some material fact or point of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Here, Plaintiff has demonstrated neither. To the contrary, what appears from Plaintiff's Motion, as from some of his prior discovery motions, is that issues he has brought before the court are problems largely of his own making, followed by vociferous assertions that defense counsel is being obstructive. The court's multiple directives that the parties make genuine efforts to resolve their discovery disagreements have foundered on these shoals. *Malgré lui*, and notwithstanding that Defendants' positions are not without support, the court concludes that it is appropriate to order some relief for Plaintiff, as follows, so that the parties can complete expert discovery and move this rapidly aging case to a resolution.

1

1. <u>Defendants' experts reliance materials</u>

Fed. R. Civ P. 26(a)(2)(B) provides in pertinent part, as to expert witnesses who are required to provide an expert report, that the report must contain "(ii) the facts or data considered by the witness in forming [all opinions the expert will express] and the basis and reasons for them; [and] (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(ii), (iii). Plaintiff complains that defendants have failed to provide "reliance materials" that are referred to in reports prepared by Defendants' experts Mr. Greg Russo, Dr. Padera, and Dr. Brooks (Dkt. No. 251). Defendants do not dispute that they have not provided all the reliance materials cited by their retained experts. Rather, they have provided all such material "with the exception of literature that is accessible on the Internet and in public libraries that is equally available to both parties" (Dkt. No. 254 at 4). Defendants provided Plaintiff's attorney with "an Internet link where these [reliance] materials may be obtained" (Dkt. No. 254 at 4) and have further pointed out that Plaintiff's attorney did not produce publicly available medical literature cited by his experts to Defendants (Dkt. No. 254 at 5). Defendants cite authority supporting their position (Dkt. No. 254 at 4-5, citing, *inter alia*, *Hobson v. Mattis*, Case No. 3:14-cv-01540, 2017 WL 11475404, at *7 (M.D. Tenn. Sept. 11, 20167); *Speaks v. Mazda Motor Corp.*, CV 14-25-M-DLC, 2015 WL 12766486, at *2 (D. Mont. June 9, 2015); *D.G. ex rel G. v. Henry*, No. 08-CV-74-GKF-FHM, 2011 WL 1344200, at *2 (N.D. Okla. Apr. 8, 2011); *Krause v. Buffalo & Erie County Workforce Dev. Consortium, Inc.*, 524 F. Supp. 2d 352, 374-75 (W.D.N.Y. 2006); *Secs. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973)). Plaintiff's argument to the court simply ignores Defendants' contention and the authority that supports it (Dkt. No. 251 at 8-9).

Rule 26(a)(2)(B)(iii) does not exempt publicly available documents from those that an expert is required to include in an expert report.  Although, as noted above, Defendants' position that publicly available material need not be produced has support in the caselaw, there is also authority on the other side of the question.  *See Estate of Leavitt Rey v. Marrero Gonzalez*, CIVIL NO. 16-2769 (RAM), 2020 WL 4464467, at *3 (D.P.R. Aug. 4, 2020) ("The Federal Rules of Civil Procedure do not grant an automatic exception to disclosure rules for publicly available information.") (citing *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 291, 223 (D.D.C. 2015)); *CRST Expedited, Inc. v. Swift Transp. Co. of Am.*, 328 F.R.D. 231, 237 (N.D. Iowa 2018); *McClurg v. Mallinckrodt, Inc.*, Case No. 4:12-CV-00361-AGF, 2017 WL 3116138 at *3 (E.D. Miss. July 21, 2017); *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009) (the court agrees … that the fact that a document is cited by a party's expert and is publicly available does not excuse that party from timely production").

Neither party has described the volume or nature of the material at issue here, its importance to Defendants' experts' reports, how difficult it might be for Plaintiff's counsel to identify and retrieve the information, or whether, as Plaintiff's attorney seems to suggest but Defendants do not, there might be some privilege issue involved.  It would seem to be incumbent on Plaintiff's counsel to address these basic questions in connection with seeking relief from the court.  He has completely failed to do so.  Nonetheless, where the applicable rule does not exempt publicly available documents from its disclosure requirements, and where it may be burdensome for Plaintiff's counsel to retrieve the publicly available information on which, their reports demonstrate, Defendants' experts relied, Defendants will be required to produce electronic copies of what the parties have referred to as "reliance materials" that are publicly available within 28 days of the docketing of this order.

2. <u>Information about Defendants' payments to their experts</u>

"'The scope of discovery differs significantly between parties and nonparties.'" *In re Asacol Antitrust Litig.*, Civil Action No. 15-12730-DJC, 2017 WL 11475277, at *5 (D. Mass. June 14, 2017) (quoting *Isola USA Corp. v. Taiwan Union Tech. Corp.*, 4:15-MC-94003-TSH, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015), *adopted by* 2015 WL 5944286 (D. Mass. Aug. 27, 2015)). Arguing that Defendants subpoenaed compensation information from his expert via a Fed. R. Civ. P. 45 subpoena, Plaintiff contends that Defendants are required to disclose the home addresses of their experts so that he can serve Rule 45 subpoenas on these experts seeking information about the payments they have received from Defendants for testifying in cases other than the instant case. Of course, Defendants had to rely on a Rule 45 subpoena to obtain information from Plaintiff's expert about the income he derived from testifying as an expert in other cases similar to the instant case because Plaintiff himself has no access to any information about the compensation his expert received in cases other than his own case.

In contrast, *Defendants* obviously possess information about the compensation they have paid in similar cases to individuals they also have identified as experts in the instant case. "Because the documents [Plaintiff] seeks are obtainable from parties to the [instant] case, [his Rule 45] subpoena imposes an undue burden on [a non-party]." *In re Wood*, No. 2:19-mc-00146-JHR, 2019 WL 5789848, at *1 (D. Me. Nov. 6, 2019); *see also Merchia v. U.S. Internal Revenue Serv.*, 336 F.R.D. 396, 400 (D. Mass. 2020) (citing cases); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) (courts are particularly reluctant to require a non-party to provide information that can be produced by a party).

Defendants are the appropriate source of such information; as this court has previously explained, Fed. R. Civ. P. 34 is the means for obtaining documents disclosing such information.

The court nonetheless concludes, on the record before it, that Plaintiff is entitled to some relief. "[C]ourts allow discovery into an expert's compensation in related cases or by a particular party over a specified period of time on the ground that such information is relevant to the expert's credibility and possible bias." *First Choice Armor & Equip., Inc. v. Toyobo Am., Inc.*, 273 F.R.D. 360, 361 (D. Mass. 2011) (collecting cases). By requesting compensation information from Plaintiff's expert, Defendants have essentially conceded the relevance of such information in this case. Plaintiff's timely-served expert interrogatory (interrogatory number 8) to Defendants asked Defendants to "[i]dentify each person you expect to call as an expert witness at trial in connection with this case, and for each such person, set forth … (i) [the] rate of compensation and compensation paid to date by the Defendant to the subject expert" (Dkt. No. 251-2 at 2). Plaintiff's expert interrogatory is not explicit in requesting information about the instant case *and* related or similar cases, but it can fairly be read to request the rate of compensation and *all* compensation paid by Defendants to the subject expert(s) through the date on which the interrogatory is answered. Defendants' October 17, 2017 supplemental interrogatory answer stated that Defendants had not, at that time, determined what expert witnesses they would call to testify (Dkt. No. 251-1 at 2).[1] Defendants have now identified their expert witnesses. So far as the court is aware, Defendants have not served a further supplemental interrogatory answer to Plaintiff's expert interrogatory. They are directed to supplement their

---

[1] So far as appears from Plaintiff's filing, he never served a Fed. R. Civ. P. 34 document request relating to Defendants' compensation to its disclosed experts in related or similar cases and the deadline for doing so has expired. To the extent Plaintiff contends that he could not do so until Defendants disclosed their experts, that argument is belied by his interrogatory requesting information about experts whose identities Defendants had not yet disclosed.

answer to Plaintiff's interrogatory number 8, including disclosing the rate of compensation and the compensation paid through the date of the supplemental answer as to each of the experts they have disclosed in compliance with Fed. R. Civ. P. 26(a)(2(A) within 28 days of the date on which this order is docketed.

To the extent Plaintiff's motion seeks to compel disclosure of the home addresses of Defendants' experts or the production of any other information from these experts, the motion is denied.

3. Disclosure of materials relied upon by Dr. Neil Schmitz

Fed. R. Civ. P. 26(a)(2)(B) requires the disclosure of detailed expert reports, including any exhibits that will be used to summarize or support expert opinions, from anyone who will present evidence under Fed. R. Evid. 702, 703 or 705 and who is "retained or specially employed to provide expert testimony in the case" or whose "duties as the party's employee regularly involve giving expert testimony."  As to an individual who is disclosed as an expert but is not required to provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B), the party tendering such as expert must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

Defendants have identified Dr. Neil Schmitz as a so-called non-retained expert and made the disclosures required pursuant to Fed. R. Civ. P. 26(a)(2)(C) (Dkt. No. 254 at 6).  Plaintiff seeks an order requiring Defendants to produce copies of so-called "reliance materials" for Dr. Schmitz.  Fed. R. Civ. P. 26(a)(2)(C), added in 2010, *see In re Zofran (Ondansetron) Prods. Liab. Litig.*, MDL No. 1:15-md-2657-FDS, 2019 WL 4980310, at *12 (Oct. 8, 2019), does not require any such disclosure and Plaintiff has failed to explain why he would be entitled to special

6

treatment.  For these reasons, so much of Plaintiff's so-called motion for reconsideration as seeks the compel the production of "reliance materials" for Dr. Schmitz is denied.[2]

For the foregoing reasons, the court orders as follows:

1. Defendants will produce electronic copies of so-called "reliance materials" for their experts within 28 days of issuance of this order.

2. Defendants will provide a supplemental answer to Plaintiff's expert interrogatory (interrogatory number 8) disclosing the rate of compensation and the compensation paid through the date of the supplemental answer for each of the experts they have disclosed in the instant case.

It is so ordered.

Dated: June 1, 2021                                  <u>Katherine A. Robertson</u>
                                                     KATHERINE A. ROBERTSON
                                                     U.S. MAGISTRATE JUDGE

---

[2] If Dr. Schmitz is an employee of either or both of the defendants, then the question of whether he was required to provide an expert report including exhibits used to summarize or support his expert opinions, *see* Fed. R. Civ. P. 26(a)(2)(B)(iii), depends on whether his duties "regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  If Dr. Schmitz has previously testified as an expert on behalf of Defendants, whether that testimony amounts to duties that regularly involve giving expert testimony will be a question for the court.  *See In re Zofran*, 2019 WL 4980310, at *10-11.