UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIGUEL RAMOS TORRES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | )   Case 3:18-cv-10566-MGM |
| | ) |
| JOHNSON & JOHNSON, ETHICON, INC., | ) |
| and DOES 1-25, | ) |
| | ) |
|    Defendants. | ) |

<u>MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION TO AMEND
COMPLAINT AND MOTION TO ADD PARTY DEFENDANT</u>
(Dkt. Nos. 284 & 286)

ROBERTSON, U.S.M.J.

     I.     INTRODUCTION

This matter is before the court on the motions of Plaintiff Miguel Ramos Torres ("Plaintiff") to amend his complaint to add a negligence claim against Atuil Maini, M.D. ("Dr. Maini") (Dkt. No. 284) and to join Dr. Maini as a required party (Dkt. No. 286). The defendants, Johnson & Johnson and Ethicon, Inc. ("Defendants") and Dr. Maini oppose the motions (Dkt. Nos. 287, 289). For the reasons set forth below, Plaintiff's motions are DENIED.

     II.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has brought product liability and related claims against Defendants alleging that the polypropylene Prolene 3D mesh patch ("3D Patch"), which they manufactured and sold, was used to surgically repair his hernia on August 17, 2010 and that, in the years following his surgery, Plaintiff experienced unexplained infections and abdominal pain (Dkt. No. 20 at 21-23 ¶¶ 37-47). Plaintiff alleges that the 3D Patch changed in form, hardened, and degraded requiring exploratory surgery in February 2017, when doctors discovered Prolene protruding from

1

Plaintiff's umbilical area (Dkt. No. 20 at 22-23 ¶¶ 39, 48-50). Later that same month he had revision surgery to remove the 3D Patch (Dkt. No. 20 at 24 ¶ 53).

Plaintiff filed suit in the Superior Court Department of the Massachusetts Trial Court on May 16, 2017 (Dkt. No. 20 at 6). On March 23, 2018, Defendants removed the case to this court (Dkt. No. 1). The seven-count complaint asserts claims for negligence, strict liability (design and manufacturing defects and failure to warn), breach of express and implied warranties, and a violation of Mass. Gen. Laws ch. 93A (Dkt. No. 20 at 13-39).

The first scheduling order, which was entered on August 27, 2018, did not include a deadline for amending the complaint (Dkt. No. 62). The six subsequent scheduling orders did not establish a cut-off date for amendments either (Dkt. Nos. 135, 183, 189, 195, 215, 277). The most recent schedule set December 17, 2021 as the deadline for filing dispositive motions (Dkt. No. 277).

On October 21, 2021, Plaintiff moved to amend the complaint to add a negligence claim against Dr. Maini who implanted the 3D Patch in Plaintiff's abdomen during a surgical procedure on August 17, 2010 (Dkt. No. 284; Dkt. No. 284-1 ¶¶ 38, 39, 109-21). Plaintiff also moved to join Dr. Maini as an indispensable party under Fed. R. Civ. P. 19 (Dkt. No. 286). Dr. Maini and Defendants have opposed Plaintiff's motions (Dkt. Nos. 287, 289).

      III.    MOTION TO AMEND THE COMPLAINT (DKT. NO. 284)

      A.    Legal Standard

On October 21, 2021, Plaintiff moved to amend the complaint to add a medical malpractice claim against Dr. Maini after Defendants indicated in June 2021 that they would defend, in part, on the theory that it was the physician's negligence, not their product, that caused Plaintiff's injuries (Dkt. No. 284; Dkt. No. 285 at 1). Defendants contend that Plaintiff's motion

comes too late and that, given the age of the case and the stage of litigation, they will be unduly prejudiced if Plaintiff is permitted to add a new defendant and a new theory of liability. Defendants' position is persuasive.

Under Fed. R. Civ. P. 15(a)(2), a party may amend its complaint only with the opposing party's written consent or the court's leave and leave should be given "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend may be denied for several reasons, however, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "As relevant here, undue delay, on its own, may be enough to justify denying a motion for leave to amend."  *Hagerty ex rel. U. S. v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016) (citing *Calderón–Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 20 (1st Cir. 2013)).

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed."  *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004).  According to the First Circuit, "'[w]here . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some "valid reason for his neglect and delay."'"  *Grant v. News Grp. Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) (second alteration in original) (quoting *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)).  "In assessing whether a movant has carried this burden, courts must take into account '[w]hat the plaintiff knew or should have known and what he did or should have done.'"  *Hagerty,* 844 F.3d at 34 (quoting *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000)).  The decision on a request for leave to amend is "committed to the sound discretion of the district court . . . ."  *U.S. ex rel. D'Agostino v. EV3, Inc.,* 802 F.3d 188, 195 (1st Cir. 2015).

B.    <u>Analysis</u>

"Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion 'should be made as soon as the necessity for altering the pleading becomes apparent.'" *Hum. Res. Dev. Press, Inc. v. IKON Office Sols., Inc.*, 246 F.R.D. 82, 86 (D. Mass. 2007) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed. 2003)). Plaintiff's proposed amended complaint and his memorandum in support of his motion to amend state that a negligence claim against Dr. Maini became apparent during the physician's deposition on December 18, 2018 (Dkt. No. 284-1 ¶¶ 115, 116; Dkt. No. 285 at 1, 3, 5 ["The earliest possible moment plaintiff could have reasonably discovered the negligent placement of the mesh by Dr. Maini was December 18, 2018, at the time Dr. Maini testified and provided such information to the parties."]). On that date, Dr. Maini testified that he did not rely on Ethicon's instructions for use of the 3D Patch when he surgically implanted the mesh patch into Plaintiff's abdomen (Dkt. No. 285 at 1, 3, 5; Dkt. No. 289 at 4).

Plaintiff has not adequately explained the reason for his thirty-four month delay in moving for leave to amend the complaint to add a medical malpractice claim against Dr. Maini. *See Grant,* 55 F.3d at 6; *Hum. Res. Dev. Press, Inc.,* 246 F.R.D. at 86 (denying motion to amend the complaint where plaintiff failed to "indicate why it could not seek to make the proposed changes much earlier in the litigation."). "This is not an instance in which newly discovered evidence, not previously available, suddenly came to light; the plaintiff was aware of the factual predicate on which [his] new theory rested [on December 18, 2018]." *Palmer v. Champion Mortg.,* 465 F.3d 24, 31 (1st Cir. 2006). Plaintiff claims that he only became aware of Dr. Maini's negligence through defense expert David Brooks, M.D.'s June 27, 2021 supplemental

4

report, which indicated that Plaintiff's pain may have been caused by Dr. Maini's alleged failure to follow Ethicon's recommendation for implantation of the 3D Patch (Dkt. No. 285 at 5 & n.1; Dkt. No. 286-1 at 3).  Plaintiff's reliance on Dr. Brooks' supplemental report contradicts Plaintiff's acknowledgement that he was alerted to the medical malpractice issue during Dr. Maini's December 18, 2018 deposition (Dkt. No. 284-1 ¶¶115, 116; Dkt. No. 285 at 1, 3, 5).[1] Inadequately explained delays comparable to those in the instant case have often been held to justify denying motions for leave to amend operative pleadings.  *See, e.g., Pérez v. Hosp. Damas, Inc.,* 769 F.3d 800, 802 (1st Cir. 2014) (affirming denial of motion to amend and finding that delay of more than two years was "'considerable'" and that plaintiff's explanation for the delay was inadequate) (citation omitted); *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir. 1983) (affirming denial of motion to amend more than two years after the filing of the original complaint where there was no justification for the delay); *Hum. Res. Dev. Press, Inc.,* 246 F.R.D. at 86 (denying plaintiff's motion to amend that was filed twenty-eight months after filing the original complaint).

      Plaintiff argues that allowance of the proposed amendment will not unduly prejudice Defendants because the "litigation is still in [the] relatively early stages" (Dkt. No. 285 at 6). This contention ignores the fact that Plaintiff moved to amend some four and one-half years after the case was filed in the state court (Dkt. No. 20 at 6).  In addition, according to the docket, which reflects 289 entries, extensive litigation concerning discovery has spanned the three and one-half years that the case has been pending in this court and the due date for filing summary judgment motions is fast approaching (Dkt. No. 277).  "[T]he longer a plaintiff delays, the more

---

[1] On September 16, 2021, Dr. Brooks testified that although Dr. Maini did not follow the instructions for implantation of the 3D Patch, Dr. Brooks was not opining that Dr. Maini was negligent (Dkt. No. 289-5).

likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir*, 383 F.3d at 12 (citing *Acosta–Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52–53 (1st Cir. 1998)). *See Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 139 (1st Cir. 1985) ("[D]elay itself may be considered prejudicial, especially where excessive delay has already occurred.") (citation omitted).

Plaintiff's contention that the proposed amendment does not add a "new theory of recovery" is plainly wrong (Dkt. No. 285 at 6). The original complaint alleges product liability-related claims against Defendants for the design, manufacture, packaging, labeling, marketing, sale, and distribution of the 3D Patch (*see, e.g.,* Dkt. No. 20 at 15 ¶ 7). Defendants would be unduly prejudiced by the delay caused by the addition of a wholly new theory of liability, medical malpractice, against a new party, Dr. Maini, with its attendant procedural requirement of referral to the Massachusetts Superior Court Department of the Trial Court to convene a medical malpractice tribunal. *See* Mass. Gen. Laws ch. 231, § 60B; *Wittkowski v. Spencer,* 249 F. Supp. 3d 582, 584-85 (D. Mass. 2017). Plaintiff would need to provide expert opinion evidence to get past the tribunal. He has not indicated that he has an expert lined up. If the case proceeded past the tribunal, discovery would begin anew with interrogatories, requests for production of documents and admissions, deposing potential new witnesses and experts and/or re-deposing existing witnesses and experts. *See Steir,* 383 F.3d at 12 ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . .'") (alteration in original) (quoting *Acosta-Mestre,* 156 F.3d at 52). In

effect, allowance of Plaintiff's proposed amendment would mean returning to the beginning of the litigation.

For the above-stated reasons, Plaintiff's motion to amend the complaint is denied.

IV.    MOTION TO ADD PARTY DEFENDANT (DKT. NO. 286)

A.    Legal Standard

Plaintiff seeks to join Dr. Maini as an indispensable party under Fed. R. Civ. P. 19 (Dkt. No. 286).  The First Circuit has explained that, "[r]ule 19 addresses situations where a lawsuit is proceeding without a party whose interests are central to the suit." *Bacardí Int'l Ltd. v. Suárez & Co.,* 719 F.3d 1, 9 (1st Cir. 2013).  Rule 19(a) of the Federal Rules of Civil Procedure provides that,

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

B.    Analysis

Plaintiff's motion fails to acknowledge *Temple v. Synthes Corp,* 498 U.S. 5 (1990) (per curiam), which controls this case.  In *Temple,* as here, the plaintiff, who was injured by an implanted medical device, sued the defendant-manufacturer of the device for defective design and manufacture in federal court.  *See id.* at 5-6.  At the same time, the plaintiff filed a state court

7

suit for malpractice and negligence against the doctor who performed the surgery and the hospital where the procedure was performed. *See id.* at 6. Relying on Fed. R. Civ. P. 19, the defendant moved to dismiss the federal suit for failure to join the doctor and the hospital as necessary parties. *See id.* Citing "judicial economy," the district court ordered the plaintiff to join the doctor and the hospital as defendants within 20 days or face dismissal of the suit and dismissed the case with prejudice after the plaintiff failed to comply with the court's order. *Id.* In affirming the dismissal, the Fifth Circuit Court of Appeals "deemed it 'obviously prejudicial to the defendants to have the separate litigations being carried on,' because [the] defense might be that the [medical device] was not defective but that the doctor and the hospital were negligent, while the doctor and the hospital, on the other hand, might claim that they were not negligent but that the plate was defective." *Id.*

In reversing the Fifth Circuit's decision, the Court found that Rule 19(a) did not require joinder because the doctor and the hospital were "potential joint tortfeasors" and "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* at 7, 8. *See* Fed. R. Civ. P. 19(a) advisory committee's note to 1966 amendment ("It should be noted . . . that the description [of persons required to be joined] is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint and several liability' is merely a permissive party to an action against another with like liability.") (citations omitted). Similarly, here, Dr. Maini might be a potential joint tortfeasor with Defendants and, consequently, he is not an indispensable party to the suit. *See id.*

Plaintiff's motion to join Dr. Maini is denied.

V. CONCLUSION

For the above-stated reasons, Plaintiff's Motion to Amend Complaint (Dkt. No. 284) and Motion to Add Party Defendant (Dkt. No. 286) are DENIED.

It is so ordered.

Date:  November 15, 2021                                         /s/ Katherine A. Robertson
                                                                 KATHERINE A. ROBERTSON
                                                                 U.S. MAGISTRATE JUDGE